## White *vs.* Stevenson.

An application to amend a pleading is addressed to the discretion of the court in which the suit is pending.

And though a justice's court has power to allow amendments, error will not lie from a decision refusing an application to amend a pleading.

If the application be denied on the ground that the justice had no power to grant the motion, still the judgment will not be reversed unless it distinctly appear that the amendment would have been granted but for the supposed want of power.

Error to the common pleas of Washington county. White sued Stevenson in a justice's court and declared on a promissory note made by the defendant for $100, dated March 20th, 1837. The defendant pleaded a discharge under the late bankrupt act, granted by the district court of the United States for the northern district of New-York, on the 20th day of August, 1842. Replication, that the discharge was obtained by fraud, specifying several acts of wilful concealment, &c. Rejoinder, taking issue on the allegations of fraud set out in the replication. The cause was then adjourned, and on the adjourned day the plaintiff produced a further specification of certain acts of fraud in the bankrupt proceedings, and asked for leave to amend his replication by adding a statement of these to those already mentioned, and offered to make affidavit to the truth of the additional statement, and to show that the facts had not come to his knowledge until after the joining of issue, and to consent to a further adjournment and pay costs. The justice denied the motion to amend on the ground, as stated in the return, that the bankrupt act required "prior reasonable notice" of the acts of fraud, which provision would not be satisfied if an amendment were allowed, and that he had therefore no discretion to permit an amendment at that time. The cause was tried by jury, and there was a verdict and judgment for the defendant, which was affirmed on *certiorari.*

*H. K. Sharpe,* for the plaintiff in error, insisted that the justice erred in holding that he had no power to allow the amend-

In the matter of Williams.

ment, and in refusing the application. (2 *R. S.* 424, § 1; *id.* 225, § 1; *Brace* v. *Benson,* 10 *Wend.* 213; *Colvin* v. *Corwin,* 15 *id.* 557; *Beach* v. *Chamberlain,* 3 *id.* 367.) (*a*)

*A. L. Baker*, for the defendant in error.

*By the Court*, BEARDSLEY, J. The application to amena the pleading was addressed to the discretion of the justice, and no legal right was violated by its denial. Nor is it of any consequence that the justice supposed he had no power, under the act of congress, to grant the application. Suppose in this he was mistaken, that would not show that the plaintiff had any legal right to make the amendment, or that the justice would have permitted it to be made. Indeed, I understand the justice to have held that it was unreasonable, at that time, to permit the pleadings to be altered. Every such question is addressed to the discretion of the court, and the exercise of that discretion will not be reviewed by *certiorari* or writ of error. A judgment will not be reversed unless it appears that a positive right has, in some manner, been violated. Nothing like this appears in any part of this case, and the judgment of the common pleas should be affirmed.

Judgment affirmed.

(*a*) See also *Babcock* v. *Lipe*, (1 *Denio*, 139.)